UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW

                    Plaintiff,

vs.

THE CITY OF NEW YORK, MARTIN F. HORN, in his individual and official capacity as Commissioner of the New York City Department of Corrections, MICHAEL HOURIHANE in his individual and official capacity as Warden of the Otis Bantum Correctional Center, ROBERT SHAW, in his individual and official capacity as Warden of the George R. Vierno Center, SANDRA LANGSTON, in her individual and official capacity as Warden of the Eric M. Taylor Center, JOANDREA DAVIS, in her individual and official capacity as Warden of the Eric M. Taylor Center,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/08

**Stipulation and Protective Order**

Civil Action No. 07 Civ 3222 (RPP)

**STIPULATION AND ORDER FOR THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the parties have exchanged discovery requests and will produce and provide materials that encompass confidential health and medical information that is protected from disclosure under federal, state and/or local law ("Confidential Information");

WHEREAS, the parties to this action wish to protect such Confidential Information from disclosure to persons not connected with this action and want to assure that Confidential Information disclosed in this action is used only to prosecute, defend, or negotiate a settlement of this action, if such negotiation is deemed warranted by the parties; and

WHEREAS, the said parties object to the production or provision to any party of Confidential Information unless appropriate protection is afforded their confidentiality;

1

Now therefore, the parties to this action, by their undersigned attorneys,

HEREBY STIPULATE AND AGREE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as of the date of this Stipulation and Protective Order (the "Stipulation and Protective Order") that:

**Definition and Designation of "Confidential Information"**

1.  This Stipulation and Proteetive Order shall apply to certain "Covered Material" produced in the Litigation by any party or non-party in connection with discovery, including but not necessarily limited to, responses to document requests, interrogatories, and/or deposition questions, which information is designated as "Confidential Information." "Covered Material" means any information, document, tangible thing, deposition testimony or transcript, and any other similar materials, or portions thereof, produced or provided in connection with this litigation by any party to this Stipulation and Protective Order, including but not limited to, any information, document, or tangible thing produced or obtained through any formal discovery device provided by the Federal Rules of Civil Procedure.

2.  "Confidential Information," as used herein, means any Covered Material that contains or constitutes any health or medical information regarding plaintiff. Subject to the terms and conditions of this Stipulation and Protective Order, Confidential Information is to be used by the party receiving the Confidential Information solely in connection with the prosecution, defense or settlement of the Litigation and for no other purpose. Any use or disclosure of Confidential Information other than as specifically provided under this Stipulation and Protective Order is a direct violation of this Stipulation and Protective Order.

3.  Any documents, material or information to be designated "Confidential Information" shall be so designated either by specifically identifying the documents or material as "Confidential" by stamping the documents, material or information with the legend "Confidential" prior to their production, or by furnishing a separate written or electronic notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable and identifying by Bates number which pages are being so designated. In the case of documents or information stored electronically, a designation shall be made by affixing the legend "Confidential Information" on the outside of the storage medium, or by furnishing a separate written or electronic notice to the undersigned counsel for the party receiving such documents, material or information.

4.  Deposition testimony concerning any Confidential Information or which reveals the contents of Confidential Information shall be designated as Confidential Information either (i) at the deposition, by making a statement for inclusion in the deposition transcript, or (ii) on or before thirty (30) calendar days after receipt of the transcript, by stamping the legend "Confidential" on the transcript of the deposition and informing all counsel in writing of such designation. Until the expiration of such thirty (30) day period with respect to any deposition transcript, all deposition testimony and transcripts, together with any exhibits referred to therein, shall be deemed to be Confidential and treated as if so designated.

5.  When Confidential Information is designated in a deposition transcript and/or exhibit, the Designating Party shall instruct the reporter to make the following notations on the first page of the transcript, "This entire transcript contains Confidential Information." If only a portion of the deposition testimony is designated as "Confidential," then the Designating Party shall instruct the reporter to make the following notation on the first page of the transcript,

"Portions of this transcript contain Confidential Information," and the specific pages on which the Confidential Information is contained shall have the legend Confidential. Only those specific portions of the deposition transcript so designated will be subject to the terms of this Stipulation and Protective Order.

6. If a party designated Covered Material as Confidential Information after such Covered Material has been produced or provided, the party shall notify all others to whom the production or provision has been made of the designation, and all parties to whom production or provision has been made shall mark all of their copies of the designated Covered Material as Confidential Information and shall confirm same in writing to counsel.

**Use of Confidential Information**

7. If documents, material or information (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom, are to be included in any papers to be filed in Court or submitted thereto, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal in accordance with Section 6 of the SDNY Electronic Case Filing Rules and Instructions and kept under seal until further Order of this Court.

8. Documents or materials (including papers filed in or submitted to the Court, or portions of deposition transcripts) designated as "Confidential Information," or information derived therefrom, may be used solely for the purposes of preparing for and conducting this litigation, and any related appellate proceedings, and may be disclosed or made available by the party receiving such information only to the following:

   a. the Court, including Court personnel, potential jurors, jurors and/or alternates (at any trial or hearing);

   b. Parties, including those officers, directors, and employees of the Parties deemed necessary to aid counsel in the prosecution and defense of this action;

4

and provided that prior to the disclosure to such officer, director, or employee of any information or material designated as "Confidential," counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a letter in the form attached hereto as Exhibit A,

c. counsel to the Parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

d. court reporters and videographers;

e. witnesses at any deposition in this action;

f. outside experts retained at any time by the parties or their counsel in connection with this litigation as a consulting or testifying expert pursuant to Fed. R. Civ. P. 26(b)(4), and who reasonably require access to the particular confidential information for purposes of rendering his/her expert opinion; provided that prior to the disclosure to such expert of any information or material designated as "Confidential," counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a letter in the form attached hereto as Exhibit A; and

g. any other person that the parties agree to in writing.

### Return or Destruction of Confidential Information

9.      Upon termination of this action, including all appeals, the parties shall return to counsel for the Designating Party all documents or material designated as "Confidential" and all copies thereof (except that trial counsel may maintain in its confidential files one copy of each paper filed with or submitted to the Court, each deposition together with the exhibits marked at the deposition and each expert report), or the parties may agree upon appropriate methods of destruction.

### Inadvertent or Intentional Disclosure or Use of Confidential Information

10. All parties shall take reasonable precautions to prevent dissemination of Confidential Information in any manner not permitted herein.

11. Any party who discovers that it has produced or provided Covered Materials without appropriate "Confidential" designation shall give all parties prompt written notice of such fact, and the parties shall take steps as reasonably can be taken to insure that such Covered Information is treated as if it has been properly designated as "Confidential Information" from the outset. Any disclosure, however, of such Covered Material made prior to the designation of confidentiality, shall not be deemed a violation of this Stipulation and Protective Order.

12. Any intentional disclosure or use of Confidential Information not in accordance with this Stipulation or Protective Order shall be subject to such sanctions as the Court may deem appropriate.

13. If the Confidential Information is disclosed to any persons other than in the manner authorized by this Stipulation and Protective Order, inadvertently or otherwise, the party responsible for the disclosure must, immediately upon learning of the disclosure, inform all other parties' counsel of all pertinent non-privileged facts relating to such disclosure in writing and shall make every efforts to prevent disclosure by each unauthorized person who received such information.

### Miscellaneous

14. Nothing in this Stipulation and Protective Order shall be construed to limit in any manner the use of Confidential Information by the party who produced or provided said material as it is used in the ordinary course of business.

15. This protective order may be modified or amended by the Parties by subsequent agreement approved by the Court or upon application to the Court for good cause shown by any Party.

16. This Stipulation and Protective Order shall not preclude any party from challenging the designation of the Covered Material as confidential. If such a challenge is made, the parties shall first confer in good faith to resolve the dispute. If the dispute is not resolved, it is the obligation of the party challenging the confidential designation to seek relief from the court. Until the dispute is resolved, the parties shall treat the information as "Confidential Information" pursuant to the terms of this Stipulation and Protective Order.

17. This Stipulation and Protective Order shall not be construed as limiting any party's right to object to any discovery request on the grounds that the information sought requires, under applicable law, protections not enumerated in this Stipulation and Protective Order.

18. The termination of this action shall not relieve any person to whom Confidential Information has been disclosed from the obligations of this Stipulation and Protective Order.

19. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege. Nothing herein shall affect the rights of the parties to object to discovery on the grounds other than those related to the protection of Confidential Information covered by this Order, nor shall it relieve a party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party from seeking further relief of protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

20.  This Stipulation and Protective Order shall not be construed as an agreement by any person or entity to produce or supply any document or information referred to herein, or as a waiver by any person of his right to object to the production of any document or information referred to herein, or as a waiver of any claim of privilege with regard to the production of any document or information referred to therein. The parties acknowledge reliance on this Protective Order in producing information in discovery expeditiously and attempting to minimize potential discovery disputes.

21.  The Court shall retain jurisdiction over any disputes regarding a Party's or non-party's compliance or failure to comply with the terms of this Stipulation and Order.

Dated: New York, New York
August 29, 2008

| STROOCK & STROOCK & LAVAN, LLP | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York |
|---|---|
| By: _____<br>James L. Bernard (JB-4273)<br>Sara Rosenberg (SR-1228)<br>Michelle H. Schott (MS-1039)<br>180 Maiden Lane<br>New York, NY 10038-4982<br>Attorneys for Plaintiff<br>(212) 806-5400 | By: _____<br>David A. Rosinus, Jr. (DR 2311)<br>Assistant Corporation Counsel<br>Office of the Corporation Counsel of the<br>City of New York, Attorneys for<br>Defendants<br>100 Church Street, RM 2-305<br>New York, New York 10007<br>(212) 788-8316 |

SO ORDERED:

_____
U.S.D.J.

September 3, 2008

# **EXHIBIT A**

1. I, _____, have read the foregoing Stipulation and Order for the Protection and Exchange of Confidential Information dated _____ (the "Stipulation and Protective Order"), and agree to be bound by its terms with respect to any documents, material or information marked "Confidential" that are furnished to me as set forth in the Stipulation and Protective Order.

2. I further agree (i) not to disclose to anyone any documents, material or information marked "Confidential" other than as set forth in the Stipulation and Protective Order and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Stipulation and Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms of the Stipulation and Protective Order.

4. I hereby agree that any documents, materials, or information designated "Confidential" furnished to me will be used by me only for the purposes of this litigation and for no other purpose, including any business, commercial, professional, educational, personal or any other purpose whatsoever, and will not be imparted by me to any other person.

_____    _____
Signature                          Date

_____
Company Name - Title

_____
Address